IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TIMOTHY SHANE AKINS                                              PLAINTIFF

v.                           CIVIL NO. 20-3048

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Timothy Shane Akins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on November 30, 2016, alleging an inability to work since November 30, 2016, due to back problems; fibromyalgia; migraine headaches; nerve damage to the feet, hands, and fingers; and elbow problems. (Tr. 149, 307, 314). Administrative hearings were held on March 8, 2018, and April 2, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 34-95, 97-148).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure

1

By written decision dated September 13, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia; degenerative disc disease of the cervical spine; neuropathy; reflex sympathetic dystrophy; osteoarthritis of the bilateral lower extremities; right shoulder bursitis; and a history of a right lateral epicondylar release. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally climb ramps and stairs, he can never climb ladders, ropes or scaffolds, he can occasionally balance and stoop, he can never kneel, crouch or crawl, he is unable to push/pull or operate foot controls with his lower extremities, and he must avoid concentrated exposure to temperature extremes, humidity, vibration, and hazards, including no driving as part of work.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler, a document preparer, and a printed circuit board inspector. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 29, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point on appeal: 1) the ALJ erred in failing to find that Plaintiff had a severe mental impairment. (ECF No. 17, p. 2). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18, p. 5).

The Court has reviewed the entire transcript and the parties' briefs. Plaintiff argues the ALJ erred by failing to find that he had a severe mental impairment. It is noteworthy that Plaintiff did not allege a disabling mental impairment in his applications for benefits. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed). However, based upon the record, as well as Plaintiff's testimony at the administrative hearing, specifically that he experienced some depression, the ALJ arranged for Plaintiff to undergo a mental status evaluation performed by Dr. Steve A. Shry, Ph.D., on January 18, 2019. (Tr. 670-675). In addressing Plaintiff's alleged mental impairment, the ALJ discussed Dr. Shry's opinion that Plaintiff was able to communicate and interact in a socially adequate manner; to comprehend and/or carry out simple and complex tasks; to cope with the typical demands of work like tasks; to attend well and sustain concentration when completing tasks, noting a low frustration level; and to complete tasks mentally within acceptable

time frames. The ALJ also pointed out Plaintiff sought little treatment for mental impairments during the time period in question. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). Finally, the ALJ discussed the evidence revealing that Plaintiff was able to take care of his children; to take care of his personal needs; to prepare simple meals; to do light household chores; to drive alone; to attend his children's school and sports activities; to shop for food; to visit with family; to go shooting with his sons; and to spend time watching television and reading.

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 13th day of July 2021.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE